Joseph R. Manning, Jr., Esq. (State Bar No. 223381)
Michael J. Manning, Esq. (State Bar No. 286879)
Craig G. Côté, Esq. (State Bar No. 132885)
**MANNING LAW, APC**
4667 MacArthur Blvd., Suite 150
Newport Beach, CA 92660
Office: (949) 200-8755
ADAPracticeGroup@manninglawoffice.com

Attorneys for Plaintiff:   DONNA DUGO

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA-SOUTHERN DIVISION

| | |
|---|---|
| DONNA DUGO, an individual,<br><br>Plaintiff,<br><br>v.<br><br>EXTRA SPACE STORAGE, a business of unknown form; TT STORAGE HOLDINGS JV LLC, a Delaware limited liability company; and DOES 1-10, inclusive,<br><br>Defendants. | **Case No.**<br><br>**Complaint For Damages And Injunctive Relief For:**<br><br>1. **VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT OF 1990, 42 U.S.C. §12181** *et seq.*<br><br>2. **VIOLATIONS OF THE UNRUH CIVIL RIGHTS ACT, CALIFORNIA CIVIL CODE § 51** *et seq*. |

Plaintiff, DONNA DUGO ("Plaintiff"), complains of Defendants EXTRA SPACE STORAGE, a business of unknown form; TT STORAGE HOLDINGS JV LLC, a Delaware limited liability company; and Does 1-10 ("Defendants") and alleges as follows:

1

# PARTIES

1. Plaintiff is an adult California resident. Plaintiff is substantially limited in performing one or more major life activities, including but not limited to: walking, standing, ambulating, and sitting. As a result of these disabilities, Plaintiff relies upon a wheelchair and other devices for mobility. With such disabilities, Plaintiff qualifies as a member of a protected class under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12102(2) and the regulations implementing the ADA set forth at 28 C.F.R. §§ 36.101 et seq. Plaintiff is also the holder of a Disabled Person Parking Placard.

2. Plaintiff brings this action acting as a "private attorney general" as permitted under the American with Disabilities Act of 1990 ("ADA") to privatize enforcement of the ADA without the American tax payer(s) bearing the financial tax burden for such action.

3. Plaintiff brings this civil rights action against Defendants TT STORAGE HOLDINGS JV LLC, a Delaware limited liability company, for their failure to design, construct, maintain, and operate its property located at 3125 Warner Avenue, Irvine, CA 92606 ("Property") and EXTRA SPACE STORAGE, business form unknown, owns the business ("Business") operating at the Property. The Property is to be fully and equally accessible to and independently usable by Plaintiff and other disabled persons similarly disabled. Defendants' denial of full, independent and equal access to its business, and therefore denial of its products and services offered thereby in conjunction with its physical location located at the Business, is a violation of Plaintiff's rights under the ADA and UCRA.

4. EXTRA SPACE STORAGE, business form unknown, did as of February 20, 2018, and at all times relevant, does own and control the Business.

5. Defendants TT STORAGE HOLDINGS JV LLC, a Delaware limited liability company, did, as of February 20, 2018, and at all times relevant does, own and control the Property.

6. Plaintiff does not know the true names of Defendants, their business capacities, their ownership connection to the subject property and business, or their relative responsibilities in causing the access violations herein complained of, and alleges a joint venture and common enterprise by all such Defendants. Plaintiff is informed and believes that each of the Defendants herein, including Does 1 through 10, inclusive, is responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief. Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities of the Defendants and Does 1 through 10, inclusive, are ascertained.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

8. This court has supplemental jurisdiction over Plaintiff's non-federal claims pursuant to 28 U.S.C. § 1367, because Plaintiff's UCRA claims are so related to Plaintiff's federal ADA claims in that they have the same nucleus of operative facts and arising out of the same transactions, they form part of the same case or controversy under Article III of the United States Constitution.

9. This Court has personal jurisdiction over Defendant because it conducts and continues to conduct a substantial and significant amount of business in the State of California, County of Orange, and because Defendant's offending business and property associated thereto exists in California.

10. Venue is proper in the Central District of California, Southern Division, pursuant to 28 U.S.C. §1391 because Plaintiff resides in this District and Defendant conducts and continues to conduct a substantial and significant amount of business in this District. Defendant is subject to personal jurisdiction in this District, and a substantial portion of the conduct complained of herein occurred in this District.

11. The Business and Property are public accommodations within the definition of Title III of the ADA, 42 U.S.C. § 12181(7). Defendants provide a service, privilege, or advantage of Defendants' Business and Property.

## FACTUAL BACKGROUND

12. Plaintiff went to the Business and Property on or about February 20, 2018, to obtain rental transfer of ownership for a storage unit.

13. Defendants' Business and Property services are open to the public, places of public accommodation, and business establishments.

### Defendant's Barriers Which Denied Plaintiff Full Access

14. Parking spaces are one of the facilities, privileges and advantages reserved by defendants to persons at the property serving the subject business and associated property.

15. Unfortunately, although parking spaces were one of the facilities reserved for patrons, there were no compliant parking spaces available for persons

with disabilities that complied with the ADA's Accessibility Guidelines ("ADAAG") in December of 2018.

16. Instead of having level van-accessible parking spaces on the property, Defendants have: a built up curb ramp which projects into accessible parking space access aisles (section 406.5). The excessive slope of the built up curb ramp exacerbates the danger to the Plaintiff of slipping, tipping and falling; and there is no zero curb cut connecting the purported accessible disabled parking spaces to the accessible pathway, in violation of Section 406.

17. The Defendants have no policy or plan in place to make sure that the designated disabled parking spaces and aisles, and the interior of the business are compliant for persons with disabilities and remain compliant at all times relevant at the Business and Property.

18. Plaintiff did personally encounter these barriers during her visit to the Business and Property. These inaccessible conditions deterred and denied Plaintiff full and equal access and caused her difficulty, humiliation and frustration.

19. As an individual with a mobility disability who at times is dependent upon a mobility device, Plaintiff has a keen interest in whether public accommodations have architectural barriers that impede full accessibility to those accommodations by individuals with mobility impairments.

20. Subject to the reservation of rights to assert further violations of law after a site inspection found *infra*, Plaintiff asserts there are additional ADA violations which affect Plaintiff personally.

21. Plaintiff would like to return to the location given its close proximity to an area she frequents.

22. The Defendants have failed to maintain in working and useable conditions those features required to provide ready access to persons with disabilities.

23. The violations identified above are easily removed without much difficulty or expense. They are the types of barriers identified by the Department of Justice as presumably readily achievable to remove and, in fact, these barriers are readily achievable to remove. Moreover, there are numerous alternative accommodations that could be made to provide a greater level of access if complete removal were not achievable.

24. Plaintiff is being deterred from patronizing the Business and its accommodations on particular occasions, but intends to return to the Business for the dual purpose of availing herself of the goods and services offered to the public and to ensure that the Business ceases evading their responsibilities under federal and state law.

25. Given the obvious and blatant violation alleged hereinabove, Plaintiff alleges, on information and belief, that there are other violations and barriers in the site that relate to her disability. Plaintiff will amend the complaint, to provide proper notice regarding the scope of this lawsuit, once she conducts a site inspection. However, please be on notice that the plaintiff seeks to have all barriers related to her disability remedied. (See, *Doran v. 7-11,* 524 F.3d 1034 (9th Cir. 2008) (holding that once a plaintiff encounters one barrier at a site, she can sue to have all barriers that relate to her disability removed regardless of whether she personally encountered them).

26. Given the obvious and blatant violation alleged hereinabove, the Plaintiff alleges that the failure to remove these barriers was intentional because: (1) these particular barriers are intuitive and obvious; (3) the defendants exercised control and dominion over the conditions at this location, and therefore, (4) the lack of accessible facilities was not an accident because had the Defendants intended any other configuration, they had the means and ability to make the change.

27. The ADA expressly contemplates the type of injunctive relief that Plaintiff seeks in this action. In relevant part, the ADA requires:

"In the case of violations of . . . this title, injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities….Where appropriate, injunctive relief shall also include requiring the . . . modification of a policy. . ."

(42 U.S.C. § 12188(a)(2).)

28. Because Defendants' Business and Property has never been fully and equally accessible, and because Defendants lack a corporate policy that is reasonably calculated, actually implemented, and followed to cause the subject premises to become and remain accessible, Plaintiff invokes the provisions of 42 U.S.C. § 12188(a)(2), and seeks a permanent injunction requiring Defendants to retain a qualified consultant, acceptable to Plaintiff, ("Agreed Upon Consultant") to assist Defendants in making its premises fully and equally accessible to all disabled persons, including Plaintiff. Plaintiff seeks that this permanent injunction requires Defendants to cooperate with the Agreed Upon Consultant to regularly check the accessibility of Defendants' premises using California guidelines as an instructive

resource for ensuring compliance with ADAAG regulations.

29. Although Defendants may currently have centralized policies for maintenance and operation of its holdings, Defendants lack a plan and policy reasonably calculated to make the Business and Property fully and equally accessible to, and independently usable by, disabled consumers, including Plaintiff.

30. Without injunctive relief, Plaintiff and other disabled consumers will continue to be unable to independently use the Defendants' Business and Property in violation of their rights.

## FIRST CAUSE OF ACTION

## VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT OF 1990, 42 U.S.C. § 12181 *et seq.*

31. Plaintiff re-alleges and incorporates by reference all paragraphs alleged above and each and every other paragraph in this Complaint necessary or helpful to state this cause of action as though fully set forth herein.

32. Section 302(a) of Title III of the ADA, 42 U.S.C. § 12101 *et seq.*, provides:

"No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation."

(42 U.S.C. § 12182(a).)

33. Defendant's business and accompanying property are public accommodations within the definition of Title III of the ADA, 42 U.S.C. § 12181(7).

The subject business and accompanying property provides and is a service, privilege, or advantage of Defendants herein.

34. Under Section 302(b)(1) of Title III of the ADA, it is unlawful discrimination to deny individuals with disabilities the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of an entity. (42 U.S.C. § 12182(b)(1)(A)(i).)

35. Under Section 302(b)(1) of Title III of the ADA, it is unlawful discrimination to deny individuals with disabilities an opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodation, which is equal to the opportunities afforded to other individuals. (42 U.S.C. § 12182(b)(1)(A)(ii).)

36. Under Section 302(b)(2) of Title III of the ADA, unlawful discrimination also includes, among other things:

"[A] failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages or accommodations; and a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege,

advantage, or accommodation being offered or would result in an undue burden."

(42 U.S.C. § 12182(b)(2)(A)(ii)-(iii).)

37. Any business that provides parking spaces must provide accessible parking spaces. 1991 Standards § 4.1.2(5). 2010 Standards § 208. One in every eight of these accessible parking spaces but not less than one must be a "van" accessible parking space, i.e., having an eight foot access aisle. 1991 Standards § 4.1.2(5)(b). Under the 2010 Standards, one in every six accessible parking spaces must be van accessible. 2010 Standards § 208.2.4.

38. Here, the lack of an ADA compliant accessible van parking space is a violation of the law.

39. Pursuant to 42 U.S.C. §121182(b)(2)(A)(iv), defendant has failed to remove architectural barriers where such removal is readily achievable. Barriers are defined by reference to the ADAAG, found at 28 C.R.R., Part 36, Appendix "D."

40. Defendant has failed to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs or to ensure that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities (42 U.S.C. §12183(a)(2)).

41. Defendant failed to provide parking spaces that provide accessible parking spaces to the disabled. (1991 Standards § 4.1.2(5); 2010 Standards § 208). Specifically, defendant failed to provide one in every eight of those accessible

parking spaces but not less than one must be a "van" accessible parking space, i.e., having an eight foot access aisle. (1991 Standards § 4.1.2(5)(b)). Further, under the 2010 Standards, one in every six accessible parking spaces must be van accessible. (2010 Standards §208.2.4).

42. Defendant violated the 1991 Standards, by having its parking spaces and access aisles not level with surface slopes and exceeding 1:50 (2%) in all directions. (1991 Standards §4.6.2). Defendants have violated the standards for 2010 Standards §502.4.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE UNRUH CIVIL RIGHTS ACT, CALIFORNIA CIVIL CODE § 51 *et seq*.

43. Plaintiff re-alleges and incorporates by reference all paragraphs alleged above and each and every other paragraph in this Complaint necessary or helpful to state this cause of action as though fully set forth herein.

44. California Civil Code § 51 *et seq*. guarantees equal access for people with disabilities to the accommodations, advantages, facilities, privileges, and services of all business establishments of any kind whatsoever. Defendant is systematically violating the UCRA, Civil Code § 51 *et seq*.

45. Because the defendants violate the plaintiff's rights under the ADA, they also violated the Unruh Civil Rights Act and are liable for damages. (Civ. Code § 51(f),52(a).) These violations are ongoing.

46. Defendant's actions constitute intentional discrimination against Plaintiff on the basis of a disability, in violation of the UCRA, Civil Code § 51 *et*

*seq.*, because Defendant has been previously put on actual notice that its premises is inaccessible to Plaintiff. Despite this knowledge, Defendant maintains its premises in an inaccessible form, and Defendant has failed to take actions to correct these barriers.

47. Because the violation of the Unruh Civil Rights Act resulted in difficult, discomfort or embarrassment for the plaintiff, the defendant is also responsible for statutory damages. (Civ. Code § 52(a).)

**48.** Plaintiff is also entitled to reasonable attorneys' fees and costs.

# PRAYER

**WHEREFORE, Plaintiff prays pray for judgment against Defendant, as follows:**

1. A preliminary and permanent injunction enjoining Defendant from further violations of the ADA, 42 U.S.C. § 12181 *et seq.*, and/or the UCRA, Civil Code § 51 *et seq.* with respect to its operation of its business and accompanying property;

**2. Note: the Plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the Disable Persons Act at all.**

3. An award of statutory minimum damages of $4,000 per violation pursuant to § 52(a) of the California Civil Code;

4. For attorneys' fees and expenses pursuant to all applicable laws including, without limitation, pursuant to 42 U.S.C. § 12188(a)(1), and California Civil Code § 52(a);

5. An additional award of $4,000.00 as deterrence damages for each

violation pursuant to *Johnson v. Guedoir,* 218 F. Supp. 3d 1096; 2016 U.S. Dist. LEXIS 150740 (USDC Cal, E.D. 2016);

6. For pre-judgment interest to the extent permitted by law;

7. For costs of suit; and

8. For such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby respectfully requests a trial by jury on all appropriate issues raised in this Complaint.

Dated: July 26, 2018        **MANNING LAW, APC**

By: /s/ Joseph R. Manning Jr., Esq.
Joseph R. Manning Jr., Esq.
Michael J. Manning, Esq.
Craig G. Côté, Esq.
Attorneys for Plaintiff